# SUPREME COURT.

## Dupuy agt. Wurtz.

*Costs — extra allowance on appeal from surrogate's court.*

On an appeal from a surrogate's court an extra allowance of costs may now be granted under section 309 of the Code of Procedure. Such an appeal is, for all purposes of costs, an action at issue on a question of law, and its determination constitutes a trial within the meaning of the section.

*First Department, General Term, April,* 1877.

DAVIS, *P. J.*, BRADY *and* DANIELS, *JJ.*

IN this case the will of Martha P. Wurtz was offered for probate, and probate was opposed by heirs of the decedent. The will was admitted to probate. An appeal was taken from the surrogate's decision and the general term of the supreme court affirmed the same. The contestants again appealed and the court of appeals affirmed both decisions, declaring the will a valid one and entitled to probate.

On the question of allowances to counsel for the unsuccessful contestants the opinion of the court of appeals, pronounced by RAPALLO, J., and concurred in by all the members of the court, is as follows:

"The questions are not free from difficulty and have been presented, on the part of the contestants, evidently in good faith. They have been argued in this court with great learning and ability, and are carefully and ably treated in the opinion of the learned surrogate. We think that the con-

testants were justified in raising the question, and that, under all the circumstances, the costs of all the parties in this court and the courts below should be paid out of the estate."

An allowance of $1,000 was thereafter granted to contestant's counsel by the court at special term, Mr. justice BRADY presiding, a like allowance having been previously granted by the surrogate.

From judge BRADY's order an appeal was taken to the general term, where the order appealed from was affirmed, the court delivering the following opinion:

*Coudert Brothers*, for contestants.

*Owen, Nash & Gray*, for proponents.

DAVIS, *P. J.* — This case came into this court by appeal from the decree of the surrogate of the city and county of New York admitting the will in contest to probate. The decree of the surrogate was affirmed by the general term, and on appeal to the court of appeals the judgment of the supreme court was also affirmed (*See Dupuy* agt. *Wurtz*, 53 *N. Y.*, 556).

The question of costs was disposed of by the court of appeals by directing that the costs of all the parties in that court and the courts below should be paid out of the estate.

It appears that on the decision of the case in this court the surrogate allowed counsel fees to the respective parties, and amongst such allowances the sum of $1,000 to the contestants' counsel. The special term granted a motion for an additional allowance, and from the order entered thereupon the appeal is taken.

We are of opinion that the court below had power under the Code to grant an allowance. The three hundred and eighteenth section of the Code is clear and explicit. From the time the appeal from the surrogate was brought before the supreme court for review the proceedings are to be deemed

" an action at issue on a question of law " for all purposes of costs. For such purpose the case is to be treated as an action originally commenced in this court and tried upon an issue of law. *Saguine* agt. *Saguine* (3 *Abb.* [*N. S.*], 442) is precisely in point, and we think was correctly decided.

*Wolf* agt. *Van Nostrand* (2 *N. Y.*, 570) and *People* agt. *New York Central Railroad Co.* (29 *id.*, 428) hold that appellate courts cannot grant the allowance, because the statute gives the same, by way of indemnity, for the expenses of the trial in the court of original jurisdiction. This court, in a late case, has followed these decisions and denied an allowance when no costs were recovered by either party in the court in which the action was tried. But by section 318 of the Code the appellate court is, *pro hac vice*, made the court of original jurisdiction. The objection that an allowance having been made in the surrogate's court none can be made in this, is not well taken. The allowance was exclusively for services in that court, and as the statute makes the appeal to that court *res nova* for the purposes of costs, the court is clothed with full discretion in the matter.

There is no reason to interfere with the order on the ground that the amount was excessive. The order should be affirmed, with costs.

Order affirmed.